```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION

EDWIN JONES, et al.,          }
                              }
    Plaintiffs,                }
                              }      CIVIL ACTION NO.
v.                            }      12-AR-2879-S
                              }
HARTFORD FIRE INS. CO., et    }
al.,                          }
                              }
    Defendants.                }
```

**<u>MEMORANDUM OPINION</u>**

On January 16, 2013, the magistrate judge to whom the above-entitled case was assigned, but who was not granted final disposition authority by the parties, reported and recommended that the motion to remand filed by plaintiffs be granted. The report and recommendation provided that any objections must be filed within fourteen (14) days. No objections were filed, whereupon the case was reassigned to the undersigned for the purpose of agreeing or disagreeing with the report and recommendation.

Although the absence of objections by the removing defendants might suggest that the magistrate judge and plaintiffs have convinced defendants that they removed the case out of time, creating an irremediable procedural defect, this court has considered *de novo* the entire file, including the defendant's opposition to the motion to remand filed on October 15, 2012, and has independently concluded that the magistrate judge reached the correct conclusion. Therefore, this court CONFIRMS and ADOPTS as

its opinion the report and recommendation submitted by the magistrate judge, with the following addendum:

In *Smith v. State Farm Fire & Casualty Company*, 868 F.Supp.2d 1333 (N.D. Ala. 2012), this very court made it crystal clear that at the moment a state court plaintiff seeks unspecified damages of various kinds, such as punitive damages, or emotional distress, or attorneys' fees, the claim automatically is deemed to exceed $75,000 and becomes removable under 28 U.S.C. § 1332. This court can easily discern from plaintiffs' amendment the existence of the jurisdictional amount. These defendants should have done the same. Not having done so, plaintiffs' timely motion to remand for an untimely removal will, by separate order, be granted.

DONE this 7th day of February, 2013.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE